HERMIDA & PALOS, PLAINTIFFS AND APPELLANTS, *v.* GESTERA, DEFENDANT AND RESPONDENT.

APPEAL from the District Court of San Juan, Section 1, from an order dissolving an attachment in an action of debt.

No. 1110.—Decided May 18, 1914.

ATTACHMENT—ORDER DISSOLVING ATTACHMENT—DEPOSIT FOR RELEASE OF ATTACHMENT—APPEALABLE ORDER.—An order of a court dissolving an attachment levied on a property to secure the effectiveness of a judgment and allowing the debtor to make a cash deposit in the court of the amount claimed, has the character of an order dissolving an attachment within the meaning of section 295 of the Code of Civil Procedure and is appealable to this court.

ID.—AMOUNT COVERED BY ATTACHMENT.—When the plaintiff applies for an attachment to secure the payment of principal, interest, costs and attorney's fees and the court grants the same, the proper practice is for the secretary to state in the writ of attachment the amount claimed in the application or in the complaint for each item, and when reference is made in the said writ to the complaint in which said sums are claimed, the marshal is authorized to levy the attachment for an amount sufficient to cover not only the principal, but also interest, costs, and attorney's fees.

ID.—AMOUNT COVERED BY ATTACHMENT—DEPOSIT FOR RELEASE OF ATTACHMENT.— In accordance with the Act of March 1, 1902, to secure the effectiveness of judgments, an attachment may be granted to secure the payment of the principal together with interest, costs and attorney's fees when so prayed for by the party, and if the debtor desire to release the attachment on real property and substitute therefor a cash deposit, he must deposit a sum sufficient to cover all the amounts claimed in the complaint, including attorney's fees.

The facts are stated in the opinion.
*Mr. A. J. Amadeo* for the appellants.
*Messrs. Bosch & Soto* for the respondent.

MR. JUSTICE WOLF delivered the opinion of the court.

In the District Court of San Juan the complainants, after having filed a complaint, made a motion to secure the effectiveness of the judgment or what would be known in the American law as an attachment before judgment. This whole matter is regulated by the Law of March 1, 1902, Laws of

1902, page 166; Revised Statutes of that year, sections 369 to 386 inclusive. This law was slightly amended in 1903, but the amendments have no particular bearing on the present case.

The application for the attachment sets forth that the complainants were suing for the sum of $800 with interest from January 1, 1908, and for $250 for fees and for the costs and expenses of the trial. And the complainants relied upon sections 1, 2, 4 and 5 of the Law of March 1, 1902, heretofore mentioned. The petitioners prayed the court to render an order of attachment against the goods of the defendant in an amount sufficient to cover the sums claimed or, in other words, $800 principal, with interest from January 1, 1908, along with $250 for the fees of the attorney and the costs and expenses of the trial. This petition was presented on December 16, 1913.

On December 18, 1913, the court made an order in which it said that the court would grant the petition upon the previous execution of a bond in the sum of $200 to answer for the damages which might be caused to the defendant by reason of the attachment. The complainants accordingly made a motion or gave an instruction to the marshal to attach a certain piece of property of the defendant located in Puerta de Tierra, in accordance with the order of attachment which they said accompanied the motion. The copy of the order issued by the secretary of the district court recited that whereas the petitioners had made an application for an attachment and whereas the court had issued an order for such attachment after the giving of a bond, the marshal was ordered to attach all the property of the defendant or such part of the same sufficient to cover the sum of $800 and some cents which was claimed in the complaint, and the costs; and the copy of the order contained other formalities which have no bearing on this case. On December 19, 1913, the marshal made a return to the court saying that he had attached a piece of property belonging to the defendant in Puerta de Tierra.

This was the same property described in the motion or instruction to the marshal. And on December 18 the marshal delivered an order to the registrar of property in which he recited that, in compliance with the order of the judge of the district court, he had attached a piece of property in Puerta de Tierra, describing it, and he notified the registrar that attachment was made to cover the sum of $800 principal, $284 of interest and $250 for costs, expenses, and attorney's fees. In accordance with this notice the registrar of property made an annotation in his books.

On January 23 the defendant made an application to dissolve (*levantar*) the attachment. The motion recited that an attachment had been effected and that the sum claimed in this case amounted to $800, wherefore the court was prayed to leave without effect (*dejar sin efecto*) the attachment made and cancel the record in the registry of property upon the defendant's depositing in court the sum of $800. Whereupon on January 23, 1914, the District Court of San Juan issued an order wherein it was recited that the defendant had deposited $800 in court and had prayed that the attachment be set aside (*dejar sin efecto*). Wherefore the court ordered that the attachment should be set aside and that the annotation made thereof in the registry of property should be canceled. From this order of January 23, 1914, the complainants appealed.

It does not appear in the record whether the motion to allow a deposit to be made was made *ex parte* or whether the complainants were also heard, but in the absence of a showing to the contrary we shall have to assume that the question was duly presented to the consideration of the court below, as the complainants had a right to be heard.

The respondent maintains that we are without jurisdiction to entertain the appeal because the order appealed from is not included in any of the provisions of section 295 of the Code of Civil Procedure. Respondent is aware of the provision which allows an appeal from any order annulling or

refusing to annul an attachment, but he maintains that the order appealed from was a mere modification of the attachment and did not annul or set aside the attachment previously made. He maintains that the deposit in this case being made by virtue of section 15 of the Law of March 1, 1902, is merely changing the form of the attachment and providing for the continuance of the same. It is also contended that the Law of March 1, 1902, does not cover interest and fees and that it makes no difference that only $800 was deposited without adding an amount sufficient to cover interest and costs.

By its terms the order of January 23, 1914, left the attachment without effect. If words mean anything, the attachment was thereby annulled. A bond to answer the same purpose does not leave the property attached. The property is necessarily freed from the attachment. Furthermore the attachment by its terms covered different and other sums than the amount of $800 deposited by the defendant. The deposit made by the defendant proceeded on a different theory than the theory of the complainants in making the attachment. From any aspect of the case we think the order of the court annulled the attachment and was appealable.

The respondent seems to maintain that the deposit of $800 substitutes for all effects anything claimed in the complaint. In any event the respondent insists that none of the sections of the Law of March 1, 1902, authorizes an attachment for interest or attorney's fees.

Incidentally it is urged that the marshal in making an attachment on the whole property for the principal sum, interest, costs, and fees, exceeded his authority, and an examination of the order issued by the secretary reveals the fact that therein the marshal was ordered to attach the property sufficient to cover the sum of $800 and costs, but also alludes to the sum claimed in the complaint. To be more precise the secretary should have included all the sums men-

tioned in the petition of the complaint, but as it was we do not think the marshal was limited in his authority to the formal order delivered to him, when that order also referred to the complaint and when the order of the court of December 18, 1913, granted the motion for an attachment as prayed, wherein not only the principal but the interest and fees were sought to be secured. The secretary did not strictly follow the order of the court; but there was nothing in this order that limited the marshal, and the latter was sufficiently authorized by the order of the court granting as prayed the motion for attachment. We think that the attachment made by the marshal was effective to cover interest and costs, if such interest and costs may be reached by an attachment under the law of March 1, 1902.

Respondent maintains, with respect particularly to the question of fees, that fees, as now provided by law, have only been recoverable since 1908. Sections 1, 2 and 3 of the Law of March 1, 1902, are as follows:

"Section 1.—Every person who shall bring an action for the fulfilment of any obligation, may obtain an order from the court having cognizance of the suit providing that the proper measures be taken to secure the effectiveness of the judgment as the case may require it, should it be rendered in his favor.

"Section 2.—The effectiveness of the judgment shall be secured in the following manner:

\*        \*        \*        \*        \*        \*        \*

"(*b*) If the obligation be the payment of any sum of money, the provisional remedy shall consist of the attachment of sufficient property of the debtor to cover the amount claimed.

\*        \*        \*        \*        \*        \*        \*

"(*g*) In the foregoing cases, if damages are claimed the remedy may include the attachment of the property of the defendant to an extent sufficient to cover such damages.

"(*h*) With respect to cases not provided for in the preceding rules, the court shall, in its discretion and in accordance with equity, adopt such measures as it may deem proper to secure the effectiveness of the judgment .

"Section 3.—None of the preceding remedies shall be decreed, unless an action is entered, and a petition praying such remedy is made containing a statement of the points of law and of fact on which it is based."

The motion of the complainants for an attachment only specifically mentions paragraph (*b*) of section 2 of the law. Perhaps paragraph (*b*), technically considered, covers only the principal sum and the interest and not the fees, but we are inclined to think that the payment of fees, although resting in the discretion of the court, is an obligation of a party just as any other infringement of another's rights may subject a defendant to a claim of damages liquidated or unliquidated. In any event the court had a discretion under paragraph (*h*) to cover cases not specifically provided for in other parts of the Law of March 1, 1902. The idea of the whole law is to protect the complainants in any claim that they may have against the defendant, and a claim for fees incurred by them by reason of their having to go to law has been specifically recognized by the Legislature in the law of 1908. We think the court, where a proper application is made and a proper bond given, should, as the case may require, issue an attachment to cover all the sums claimed in a complaint. In this case the court actually did so and the only error was in setting the attachment aside on the offer of a deposit for a less amount than all the sums claimed by the complainants. For these reasons the order of January 23, 1914, must be reversed and the case proceed subject to the opinion expressed herein.

*Order reversed and case remanded for proceedings in accordance with this opinion.*

Chief Justice Hernández and Justices del Toro and Aldrey concurred.

Mr. Justice Hutchison took no part in the decision of this case.